IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY TYGER, on behalf of himself and those similarly situated,<br>143 3rd Street<br>Renovo, PA 17764<br><br>and<br><br>SHAWN WADSWORTH, on behalf of himself and those similarly situated,<br>139 14th Street<br>Renovo, PA 17764<br><br>Plaintiffs,<br><br>v.<br><br>PRECISION DRILLING CORP.<br>1030 Richmond Avenue. 600<br>Houston, TX 77042<br><br>and<br><br>PRECISION DRILLING OILFIELD SERVICES, INC.<br>1030 Richmond Avenue. 600<br>Houston, TX 77042<br><br>and<br><br>JOHN DOES 1-10<br><br>Defendants. | COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION CIVIL COMPLAINT

Rodney Tyger and Shawn Wadsworth ("Named Plaintiffs"), on behalf of themselves and those similarly situated (hereinafter referred to as "Plaintiffs"), hereby complains as follows against Defendants.

## INTRODUCTION

1. Named Plaintiffs have initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"). Named Plaintiffs asserts that Defendants failed to pay Named Plaintiffs and Plaintiffs proper overtime compensation in violation of the FLSA.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff Rodney Tyger is an adult individual with an address as set forth above.

8. Defendant Precision Drilling Corp., upon information and belief, is headquartered in Texas at the address as set forth above, is incorporated in Delaware, and operates at least one facility in the state of Pennsylvania.

9. Defendant Precision Drilling Oilfield Services, Inc., upon information and belief, is headquartered in Texas at the address as set forth above, is incorporated in Delaware, and operates at least one facility in the state of Pennsylvania.

10. Upon information and belief, because of their interrelation of operations, common management, centralized control of labor relations, common ownership, common financial controls, and other factors, Defendants Precision Drilling Corp. and Precision Drilling Oilfield Services, Inc. (collectively "Precision Defendants") are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single employer for purposes of the instant action.

11. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiffs and Plaintiffs proper compensation pursuant to the FLSA.

12. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiffs and Plaintiffs.

13. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Named Plaintiffs brings this action for violations of the FLSA as a nation-wide collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants whose duties primarily include manual labor and in other similar non-exempt positions subject to Defendants' unlawful pay practices and policies described herein and who worked for Defendants at any point in the three years preceding the date the instant action was initiated (the members of this putative class will be referred to as "Plaintiffs").

15. Named Plaintiffs and Plaintiffs worked and work at different facilities of Precision Defendants but are subjected to the same unlawful wage policies and practices described herein.

16. Named Plaintiffs and Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

17. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

18. There are numerous similarly situated current and former employees of Defendants who Defendants failed to pay for compensable donning and doffing and compensable travel and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

19. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

20. Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

21. The foregoing paragraphs are incorporated herein as if set forth in full.

22. Named Plaintiffs worked for Precision Defendants at their location in Williamsport, Pennsylvania.

23. Named Plaintiffs and Plaintiffs are current and/or former hourly employees of Precision Defendants, who within the last three years have been or are presently employed by Precision Defendants.

24. Upon information and belief, Precision Defendants have maintained an unlawful wage payment system for at least the last three years, and have enforced such unlawful policies nationwide at all of its facilities throughout the United States.

## DONNING AND DOFFING VIOLATIONS

25. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

26. Defendants required and continue to require Named Plaintiffs and Plaintiffs to report to work at a location where personal safety equipment was and is stored ("Reporting Location").

27. At the Reporting Location, Named Plaintiffs and Plaintiffs were and are required to "gear up" with the personal safety equipment, including hard hats, coveralls, goggles, ear plugs, boots, gloves, etc. ("PPE").

28. Defendants and/or OSHA mandated and mandate that the PPE be "donned" (*i.e.*, put on).

29. Named Plaintiffs and Plaintiffs were not and are not compensated for the time they spent and/or spend donning the PPE at the Reporting Location.

30. At the end of day, Named Plaintiffs and Plaintiffs were and are required to "doff" (*i.e.*, take off) the PPE at the Reporting Location.

31. Defendants do not compensate Named Plaintiffs and Plaintiffs for such time.

32. Much this uncompensated time consists of time worked in excess of 40 hours per workweek, and accordingly, by failing to pay Named Plaintiffs and Plaintiffs for this time, Defendants failed to pay proper overtime compensation.

### PORTAL-TO-PORTAL ACT VIOLATIONS

33. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

34. After donning at the Reporting Location the PPE mandated by Defendants and/or OSHA, Named Plaintiffs and Plaintiffs were and are required to walk to the safety meeting location ("Meeting Location").

35. Defendants did and do not compensate Named Plaintiffs and Plaintiffs for anytime they spend walking from the Reporting Location to the Meeting Location or for any time spent from the moment Named Plaintiffs and Plaintiffs don their gear until the safety meeting starts at the Meeting Location (15 minutes before the official "start" time of the shift).

36. At the end of the shift, Defendants require that Plaintiff and Named Plaintiffs attend a safety meeting.

37. Moreover, Defendants stop paying Named Plaintiffs and Plaintiffs at the official end time of their shift, even though the safety meeting typically lasts at least 5-10 minutes beyond the end-time of the shift.

38. Furthermore, Defendants do not pay Named Plaintiffs and Plaintiffs for the time at the end of their shift where they walk from the Meeting Location to the Reporting Location.

6

39. The amount of time per working day Named Plaintiffs and Plaintiffs spend donning and doffing the PPE, attending safety meetings, and walking to and from the Meeting Location and the Reporting Location varies from facility to facility, but at least at some locations equals approximately one hour per day; Defendants did and do not compensate Named Plaintiffs and Plaintiffs for this compensable work time.

40. Much this uncompensated work time consists of time worked in excess of 40 hours per workweek, and accordingly, by failing to pay Named Plaintiffs and Plaintiffs for this time, Defendants failed and are failing to pay proper overtime compensation.

41. Upon information and belief, Defendants subjected and subject their employees in all of its locations throughout the United States to similar donning and doffing and Portal-to-Portal Act violations.

42. The aforementioned conduct has caused and is causing damages to Named Plaintiffs and Plaintiffs.

**COUNT I**
**Fair Labor Standards Act ("FLSA")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiffs and Plaintiffs v. Defendants)**

43. The foregoing paragraphs are incorporated herein as if set forth in full.

44. At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the FLSA.

45. At all times relevant herein, Defendants were and are responsible for paying wages to Named Plaintiffs and Plaintiffs.

46. At all times relevant herein, Named Plaintiffs and Plaintiffs were and are employed with Defendants as "employees" within the meaning of the FLSA.

7

47. Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

48. Defendants' violations of the FLSA include, but are not limited to: not paying Named Plaintiffs and Plaintiffs any overtime pay for the overtime hours they spent donning and doffing PPE, attending safety meetings, and walking to and/from the Reporting Location to the Meeting Location.

49. Defendants' conduct in failing to pay Named Plaintiffs and Plaintiffs properly was and is willful and was and is not based upon any reasonable interpretation of the law.

50. As a result of Defendants' unlawful conduct, Named Plaintiffs and Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiffs and Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of federal and state wage and hour laws;

(2) Defendants are to compensate, reimburse, and make Named Plaintiffs and Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings. Named Plaintiffs and Plaintiffs should be accorded those benefits illegally withheld.

(3) Named Plaintiffs and Plaintiffs are to be awarded liquidated damages as applicable under the laws they are suing under in an amount equal to the actual damages in this case;

(4) Named Plaintiffs and Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

9

                                                  Respectfully Submitted,

                                                  */s/ Justin L. Swidler*

                                                  Justin L. Swidler, Esq.
                                                  Richard S. Swartz, Esq.
                                                  **SWARTZ SWIDLER, LLC**
                                                  1878 Marlton Pike East, Ste. 10
                                                  Cherry Hill, NJ 08003
                                                  Phone: (856) 685-7420
Date: October 10, 2011                           Fax: (856) 685-7417