IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODNEY TYGER and SHAWN WADSWORTH,** : | CIVIL ACTION NO. 4:11-CV-1913 |
| : | |
| : | (Judge Conner) |
| Plaintiffs : | |
| : | |
| v. : | |
| : | |
| **PRECISION DRILLING CORP.,** : | |
| *et al.*, : | |
| : | |
| Defendants : | |

## ORDER

AND NOW, this 6th day of January, 2012, upon consideration of the motion to dismiss (Doc. 5) filed by defendants Precision Drilling Company, LP[1] and Precision Drilling Oilfield Services, Inc., on January 3, 2012, and upon further consideration of the amended complaint (Doc. 7) filed on January 3, 2012, and it appearing that a party may amend its pleading once as a matter of course within twenty-one (21) days after serving it, or within twenty-one (21) days after service by the opposing party of a motion filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 15(a)(1)(A)-(B), and the court finding that an amended complaint renders the original complaint a legal nullity, see Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of

---

[1] Defendants assert that Precision Drilling Corp. is not a proper defendant in this action. Rather the appropriate defendant is Precision Drilling Company, LP. (Doc. 5, at 1 n.1).

the lawsuit."); 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476 (2d ed. 1990) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."), it is hereby ORDERED that:

1. Defendants shall respond to the amended complaint in accordance with the Federal Rules of Civil Procedure.

2. The motion (Doc. 5) to dismiss the complaint is DENIED as moot without prejudice.

       S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge