IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODNEY TYGER and SHAWN WADSWORTH,** : | CIVIL ACTION NO. 4:11-CV-1913 |
| : | (Judge Conner) |
| **Plaintiffs** : | |
| v. : | |
| **PRECISION DRILLING CORP.,** *et al.*, : | |
| **Defendants** : | |

### MEMORANDUM

Presently before the court is plaintiffs Rodney Tyger's ("Tyger") and Shawn Wadsworth's ("Wadsworth") motion (Doc. 23) for conditional collective action certification under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA"). For the reasons that follow, the court shall grant the motion.

### I. Background

Tyger and Wadsworth filed this FLSA collective action, pursuant to 29 U.S.C. § 216(b), on October 17, 2011. (Doc. 1). They filed an amended complaint on January 4, 2012. (Doc. 8). The following four plaintiffs "opted in" to Tyger and Wadsworth's lawsuit: Mike Fouillard, John Harrower, David Howard, and Neil Heidelbach. (Docs. 9, 13, 21, 35). Plaintiffs are hourly rig employees who worked

for defendants Precision Drilling Corporation,[1] Precision Drilling Oilfield Services, Inc., and Precision Drilling Company, LP (hereinafter "Precision") within the last three years. (Doc. 8).

Plaintiffs assert that Precision requires its hourly rig employees to report to work prior to their official shift to don personal protective equipment ("PPE"). (Doc. 24). The workers subsequently walk from the donning location to another location where they attend a compulsory pre-shift safety meeting. (Id.) Plaintiffs allege that Precision begins compensating its hourly rig employees when the pre-shift meeting commences. (Id.) At the end of the shift, Plaintiffs claim that Precision requires workers to attend a second safety meeting which lasts approximately 5-10 minutes beyond their official shift. (Id.) Plaintiffs state that employees then walk from the post-shift safety meeting to a separate location where they doff the PPE. (Id.) Plaintiffs aver that hourly rig employees are not paid for any of this post-shift activity. (Id.) In sum, Plaintiffs claim that Precision is violating FLSA by refusing to compensate hourly rig workers for three acts: (1) donning and doffing PPE; (2) walking between the donning and doffing location and the pre and post-shift safety meeting location; and (3) attending post-shift safety meetings. (Id.)

---

[1] Defendants assert that Precision Drilling Corporation is not a proper defendant in this action. Rather, the appropriate defendant is Precision Drilling Company, LP. (Doc. 5, at 1 n.1).

Plaintiffs filed the instant motion on February 24, 2012, requesting the court to conditionally certify the matter as a collective action and to assist in facilitating notice to prospective opt-in plaintiffs. (Doc. 23). Plaintiffs propose that the prospective opt-in class comprise all hourly rig employees who worked for Precision in the United States within the last three years. (Id.) Plaintiffs assert that they worked for Precision in Pennsylvania, Utah, Colorado, Louisiana, and Wyoming within the last three years and that Precision's contested policy was uniform at each location. (Doc. 24). Plaintiffs rely on their verified complaint, Precision's answer to the first amended complaint, and several sworn declarations. (Id.) Precision relies on seven rig managers' sworn declarations to argue that many rig employees are paid for time spent donning and doffing PPE and for post-donning and pre-doffing walking time. (Doc. 36, at 2). Precision also alleges that there are no post-shift safety meetings at some rigs and that even when there are meetings, the amount of time spent is sporadic and short. (Id.) This motion is fully briefed and ripe for disposition.

**II.    Discussion**

Congress enacted the FLSA for the purpose of protecting all covered workers from substandard wages and oppressive working hours. Under § 216(b), an employer who violates the FLSA is liable to the affected employee or employees for unpaid minimum or overtime compensation, and for an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

Section 216(b) allows an employee to bring suit against his employer "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). This section enables a named plaintiff to represent a class of similarly situated employees in a "collective action," similar to class actions governed under Federal Rule of Civil Procedure 23. Any similarly situated employee wishing to be part of the collective action must file written consent to be bound by the judgment. Id.

Courts typically employ a two-tiered analysis when determining whether to certify a collective action. See Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 192 n.5 (3d Cir. 2011) ("Although this two-step approach is nowhere mandated, it appears to have garnered wide acceptance."). The court must determine preliminarily whether the "class" of employees enumerated in the complaint are "similarly situated" to the named plaintiff. Id. at 192. If so, the court shall "conditionally certify" the collective action to provide notice to potential opt-in plaintiffs and an opportunity for discovery. Id. Subsequent to discovery, the court must determine definitively whether each opt-in plaintiff is similarly situated to the named plaintiff. Id. at 193.

District courts differ on the evidentiary standard required of plaintiffs to establish that employees are "similarly situated" for conditional certification. Some courts have obligated plaintiffs to set forth a mere "substantial allegation" in the pleadings that the proposed class is similarity situated. See, e.g., Felix De Asencio

4

v. Tyson Foods, Inc., 130 F. Supp. 2d 660 (E.D. Pa. 2001).  Other courts have required a "modest factual showing."  See Smith v. Sovereign Bancorp, Inc., Civ. A. No. 03-2420, 2003 U.S. Dist. LEXIS 21010, at *2 (E.D. Pa. Nov. 13, 2003).  The Third Circuit has not unequivocally decided this issue, but the Smyczyk court directed the district court to apply the "modest factual showing" standard to the plaintiff's anticipated certification motion upon remand.  656 F.2d at 201.  The Smyczyk court reasoned that the "modest factual showing" standard best corresponds with congressional intent and Supreme Court precedent.  Id. at 192-93.

Under the "modest factual showing" standard, plaintiffs must produce some evidence of a "factual nexus" between Precision's alleged refusal to compensate plaintiffs and its alleged refusal to compensate other employees.  Id. at 193.  This standard is permissive and "typically results in conditional certification of a representative class."  Shakib v. Back Bay Rest. Group, Inc., Civ. A. No. 10-4564, 2011 U.S. Dist. LEXIS 124143, at *5 (D.N.J. Oct. 26, 2011) (internal quotation and citation omitted).

In Titchenell v. Apria Healthcare, Inc., Civ. A. No. 11-563, 2011 U.S. Dist. LEXIS 129475 (E.D. Pa. Nov. 8, 2011), our sister court granted conditional certification in a case where the plaintiff sued her employer for uncompensated overtime as a result of an alleged nationwide policy.  The Titchenell plaintiff provided affidavits from two other individuals employed in two other offices who were also not compensated for overtime work.  2011 U.S. Dist. LEXIS 129475, at *4.

5

The court rejected defendant's argument that the proposed class's claims were too individualized for collective treatment, reasoning that defendants should raise such an argument in a post-discovery motion for decertification. Id. at *18.

Similar to Titchenell, plaintiffs have set forth a modest factual showing. Plaintiffs attached sworn declarations from Shawn Wadsworth, Neil Heidelbach, John Harrower, and Michael Fouillard. (See Docs. 23-2, 23-4, 23-5, 23-6). These plaintiffs worked for Precision in Pennsylvania, Utah, Colorado, Louisiana, and Wyoming within the last three years. (Id.) Each declarant swears that he was not paid for donning and doffing PPE, walking between the donning and doffing location and the meeting location, and attending post-shift safety meetings. (Id.) Each declarant contends that hourly rig employees were not paid for these activities at the declarants' employment locations. (Id.) Further, Precision admits that "as a general matter its hourly rig employees have not been compensated, for time spent donning [and doffing] personal safety equipment if the donning [or doffing] occurs before the beginning [or after the end] of the shift or compensated work time. . . ." (Doc. 18 ¶¶ 31, 33). Such evidence satisfies the "modest factual showing" standard required for the court to grant conditional certification.

Precision disputes many of plaintiffs' facts with its own sworn affidavits from seven rig managers. Precision alleges that plaintiffs' claims will require significant individualized inquiry and are inappropriate for a collective action. The court heeds Precision's concerns, but notes that such arguments are inappropriate

6

considerations for its preliminary determination of conditional certification. See Beauchamp v. Penn Mut. Life Ins. Co., Civ. A. No. 10-7170, 2011 U.S. Dist. LEXIS 83374, at *14 (E.D. Pa. July 29, 2011) ("While such [contradictory affidavits] undoubtedly will be highly relevant to the analysis of whether potential collective action members are similarly situated, it is more properly considered at the post-discovery decertification stage."); Burkhart-Deal v. Citifinancial, Inc., Civ. A. No. 07-1747, 2010 U.S. Dist. LEXIS 9534, at *9 (W.D. Pa. Feb. 4, 2010) ("A defendant's claim or defense that individualized circumstances of employees render the matter unsuitable for collective treatment may be more appropriately reviewed during step two of the certification process.").

### III.  Conclusion

For the foregoing reasons, the court shall grant Tyger and Wadsworth's motion (Doc. 23) for conditional collective action certification for all Precision hourly rig employees who worked for Precision in the United States within the last three years. The parties shall have fourteen (14) days to meet and confer with regard to the form and method of notice for prospective members of the collective action. An appropriate order follows.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:	January 7, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODNEY TYGER and SHAWN WADSWORTH,** : | CIVIL ACTION NO. 4:11-CV-1913 |
| : | |
| : | (Judge Conner) |
| **Plaintiffs** : | |
| : | |
| v. : | |
| : | |
| **PRECISION DRILLING CORP.,** *et al.*, : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 7th day of January, 2013, upon consideration of plaintiffs'

motion (Doc. 23) for conditional collective action certification, it is hereby

ORDERED that:

1. Plaintiffs' motion (Doc. 23) for conditional collective action certification is GRANTED.

2. The parties shall meet and confer on an appropriate form and method of notice for prospective members of the collective action and shall submit a proposed notice to the court within fourteen (14) days of the date of this order.

                                                  S/ Christopher C. Conner
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge