# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY TYGER and SHAWN WADSWORTH, on behalf of themselves and those similarly situated, | No. 4:11-CV-01913 |
| Plaintiffs. | (Judge Brann) |
| v. | |
| PRECISION DRILLING CORP., *et al.*, | |
| Defendant. | |

## MEMORANDUM OPINION

### APRIL 11, 2018

Before the Court is Plaintiffs Rodney Tyger and Shaun Wadsworth's Motion to Strike the Expert Report of Dr. Radwin. For the reasons that follow, this Motion is denied.

## I. BACKGROUND

This case has long history before the Court. Named Plaintiffs Rodney Tyger and Shaun Wadsworth ("Plaintiffs"), on behalf of themselves and those similarly situated, initiated this Fair Labor Standards Act ("FLSA") collective action on October 17, 2011.[1] Plaintiffs filed an amended complaint on January 4, 2012,[2] and Defendants Precision Drilling Corp., Precision Drilling Oilfield

---

[1] ECF No. 1.

[2] ECF No. 8.

Services, Inc., and Precision Drilling Company, LP ("Defendants") answered on February 7, 2012.[3] Defendants thereafter moved for summary judgment on all claims on February 29, 2012,[4] and Plaintiffs moved to conditionally certify a collective action on February 24, 2012.[5] The Honorable Christopher C. Conner of this Court, to whom the matter was originally assigned, denied Defendants' motion for summary judgment on December 18, 2012 "without prejudice to defendant's right to refile such a motion at the close of discovery."[6] On January 7, 2013, Chief Judge Conner conditionally certified a class of "all Precision hourly rig employees who worked for Precision in the United States within the last three years" based on the three FLSA claims identified in the Amended Complaint.[7] Approximately 1,000 hourly, non-managerial employees have since joined this suit.[8]

On January 17, 2013, this matter was reassigned to me. Following an extensive discovery period, including expert discovery, the parties both moved for summary judgment.[9] Those Motions are addressed in a separate memorandum Opinion of this same date. Plaintiffs have also moved to strike the expert report of

---

[3] ECF No. 18.
[4] ECF No. 28.
[5] ECF No. 23.
[6] ECF No. 48.
[7] ECF No. 49.
[8] *See* ECF No. 249 at ¶ 2; ECF No. 263 at ¶ 2.
[9] ECF Nos. 239 & 242.

Dr. Robert Radwin as based on recordings which were made in violation of 18 U.S.C. § 2511.[10] Dr. Radwin had been retained by Defendants to conduct a time study of workers' pre-shift and post-shift activities at drilling rigs in Pennsylvania, Texas, and North Dakota. Plaintiffs contend that, because the video cameras also recorded audio in the rig change houses without the employees' consent, Dr. Radwin's report should be stricken and he should be precluded from testifying.[11] Defendants respond, *inter alia*, that this motion should be denied because (1) Plaintiffs have failed to show intentional interception, and (2) Plaintiffs have failed to show the interception of an oral communication as defined in the Electronic Communications Privacy Act.[12] The parties have since fully briefed this issue and it is now ripe for disposition.[13]

## II. ANALYSIS

The Electronic Communications Privacy Act ("ECPA"), or 18 U.S.C. § 2510 *et seq.,* prohibits the interception of oral communications.[14] Any oral communication that is intercepted in violation of this act cannot be used as evidence in court.[15] Here, Plaintiffs argue that the expert report of Dr. Radwin

---

[10] ECF No. 229.

[11] *See* ECF Nos. 230 & 252.

[12] *See* ECF Nos. 231 & 253.

[13] ECF Nos. 230, 231, 252 & 253.

[14] *See* 18 U.S.C. § 2511.

[15] *See* 18 U.S.C. § 2515.

must be stricken and that Dr. Radwin must be precluded, *in toto*, from testifying due to a violation of this act. Plaintiffs specifically argue that Dr. Radwin, by setting up video cameras in rig change houses as part of his time study, made recordings which intercepted the oral communications of rig workers without their consent. Having reviewed the submissions of the parties, I find that the ECPA has not been violated. Dr. Radwin's expert report will therefore not be stricken.

First, Plaintiffs have not demonstrated that the audio recording made by Dr. Radwin was done intentionally. The ECPA prohibits only **intentional** interception of "oral communications."[16] "Intentional," as used in the act, is narrower than its dictionary definition.[17] To that end, this term "means more than [] one voluntarily engaged in conduct or caused a result."[18] Rather, "[s]uch conduct or the causing of the result must have been the person's conscious objective."[19] In other words, "[a]n act is not intentional if it is the product of inadvertence or mistake."[20]

Dr. Radwin's deposition testimony fails to establish this necessary showing of intent. Indeed, Dr. Radwin's deposition, read as a whole, clearly demonstrates

---

[16] 18 U.S.C. § 2511(1)(a)("Except as otherwise specifically provided by this chapter any person who—(a) **intentionally** intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication; . . . shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5)"). (emphasis added).

[17] *In re Pharmatrak, Inc.*, 329 F.3d 9, 23 (1st Cir. 2003).

[18] *Id.* (quoting S.Rep. No. 99–541, at 23 (1986), *reprinted in* 1986 U.S.C.C.A.N. 3555, 3577).

[19] *Id.*

[20] *Id.*

that any recording of audio was the product of inadvertence. In that deposition, Dr. Radwin specifically stated the following:

> Q. Well, let's not blame Precision for a second. You didn't tell the rig managers you were making audio recordings, did you?
>
> A. I wasn't even aware I was making audio recordings. The camera recorded audio and that was captured but that wasn't essential to my study. I don't use the audio. I didn't listen to the audio.
>
> Q. It may not have been essential to your study, but you knew the audio would be recorded, didn't you?
>
> A. No.
>
> Q. You've done this in other cases, correct?
>
> A. I don't use the audio. When I play the video, I don't listen to the audio.
>
> Q. But you knew that -- you know that audio is recorded, don't you? Do you want me to show you the video?
>
> A. No. I know that audio is recorded because you told me.[21]
>
> . . .
>
> Q. Okay. Well, you said – okay. And – but to be clear, even if you may—so you would have told that to the rig manager?
>
> A. I didn't have any specific intent to make audio recordings nor did I need audio recordings. The fact that they were captured and they were done in the change house was not expected, and I didn't use the recordings and I didn't listen to them.[22]

---

[21] Dep. of Robert Radwin (ECF No. 231-2) at 150:3-20.

[22] *Id.* at 151:8-15.

This testimony indicates that the audio recording at issue was the result of inadvertence and not an intentional or conscious objective to record. Rather, as shown above, Dr. Radwin was actually unaware that his camcorder had captured audio until alerted by Plaintiffs' counsel. Indeed, he further states in his deposition that the recording of audio resulted from a normal functioning of the camera, and that he was unaware of how he could have turned it off.[23] Based on this evidence, the narrow definition of "intentional" to prove an ECPA violation has not been satisfied, and Plaintiffs' Motion may be denied on that ground alone. Plaintiffs' arguments to the contrary and piecemeal citation of Dr. Radwin's deposition are unpersuasive.[24]

Plaintiffs' Motion is also properly denied based on a second, alternative ground. Specifically, based on the evidence adduced, Plaintiffs have failed to show the interception of an "oral communication." "Oral Communication" is defined at 18 U.S.C. § 2510 as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation . . . " This definition was drafted

---

[23] *Id.* at 59:6-15.

[24] Plaintiffs engage in a lengthy discussion of "intent" versus "motive" to argue, in essence, that Defendants are conflating Dr. Radwin's motive to not violate the law with the necessary showing of intent under the ECPA. *See* Pls.' Reply Br. (ECF No. 252) at 8-13. Plaintiffs misapprehend Defendants' argument, and, because the **full** deposition testimony of Dr. Radwin demonstrates that the instant audio recording was the product of inadvertence and not his conscious objective, this argument is unavailing.

"to reflect the Supreme Court's standards for determining when a reasonable expectation of privacy exists."[25] Thus, under that standard, Plaintiffs need to prove that they had both a subjective expectation of privacy and an objectively reasonable one.[26]

Here, even assuming that the Plaintiffs held a subjective expectation of privacy,[27] I nevertheless find that this expectation was not an objectively reasonable one. First, the cameras were mounted in plain sight in the rig house.[28] Indeed, my review of the videos informs me of the likely prominent position of the camera within the unquestionably close quarters of the change house. Second, the declarations of rig managers demonstrate both that (1) the rig hands were informed beforehand that a camera would be placed in the change house,[29] and (2) a member of management (including the rig manager, oil company representatives, and other third parties) could have walked into the change house at any time.[30] Therefore, while I acknowledge Plaintiffs' argument that the frank nature of the conversations concerning their employment and the time study at issue may indicate a subjective

---

[25] *Gross v. Taylor*, No. 96-6514, 1997 WL 535872, at *4 (E.D.Pa. Aug. 5, 1997)(citing *United States v. McKinnon,* 985 F.2d 525, 527 (11th Cir. 1993)).

[26] *Id.*

[27] *See* Pls.' Reply Br. (ECF No. 252) at 5-8.

[28] *See* Dean Decl. (ECF No. 231-3) ¶¶ 3-4; Quigley Decl. (ECF No. 231-4) ¶¶ 3-4; Strong Decl. (ECF No. 231-5) ¶ 4.

[29] *Id.*

[30] *See* Dean Decl. (ECF No. 231-3) ¶ 5; Quigley Decl. (ECF No. 231-4) ¶ 5; Strong Decl. (ECF No. 231-5) ¶ 6.

expectation of privacy,[31] any such privacy expectation was not objectively reasonable.[32]

## III. CONCLUSION

Based on the above reasoning, which demonstrates a lack of intentional conduct by Dr. Radwin and the absence of an objective expectation of privacy in the Plaintiffs' conversations, the instant Motion to Strike the Expert Report of Dr. Radwin is denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[31] *See* Reply Br. (ECF No. 252) at 6-7.

[32] *See, e.g., Wesley v. WISN Division-Hearst Corp.,* 806 F.Supp. 812, 815 (E.D.Wis. 1992)(finding no objectively reasonable expectation of privacy based in part on the close proximity of a microphone which audio recording "a distinct possibility"); *Perraglio v. New Mexico*, No. 08-cv-0351, 2009 WL 2392027, at *7 (D.N.M. July 8, 2008)(finding no objectively reasonable expectation of privacy concerning a conversation where, while seemingly private, "the public or other staff members could enter the area at any time"); *Gross*, 1997 WL 535872 at *8 (finding that the audio/video recording system's position of prominence undermined a reasonable expectation of privacy).