# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY TYGER, *et al.*, | No. 4:11-CV-01913 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| PRECISION DRILLING CORP., *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### DECEMBER 17, 2019

## I.  INTRODUCTION

In my December 18, 2018 Order, I excluded the testimony of Plaintiffs' expert Ronald E. Bishop, Ph.D.[1]  I asked the parties to brief whether, with Dr. Bishop's expert opinion no longer in play, Defendants were entitled to summary judgment on the issues of whether Plaintiffs' time spent donning and doffing their personal protective equipment ("PPE") and associated walking time were compensable under FLSA.[2]  I now hold that these two time periods are not

---

[1]  ECF No. 329.  For additional background on the underlying dispute, *see* the Court's April 11, 2018 Memorandum Opinion, available at ECF No. 276.

I rendered the April 11, 2018 Memorandum Opinion, which disposed of Plaintiffs' and Defendants' cross-motions for partial summary judgment, after affording the parties extensive time to conduct discovery.  *See* ECF No. 129 (setting initial discovery deadline as June 25, 2014); *compare with* ECF No. 228 (setting final discovery deadline as September 2, 2016—over 26 months after the initial deadline).

[2]  ECF No. 329 at 6-7.

compensable. Defendants are entitled to summary judgment on these issues as a matter of law.

### A. Procedural History

In my April 11, 2018 Memorandum Opinion, I reviewed the Fair Labor Standards Act and Supreme Court precedent. I defined the question before the Court as "whether the working environment renders donning and doffing the instant PPE indispensable to safe completion of the Plaintiffs' principal activities."[3] I noted that discovering whether PPE guarded "against workplace dangers that accompany the employee's principal activities and transcend ordinary risks" requires "a fact-intensive examination of the gear at issue, the employee's principal activities, and the relationship between them."[4] I found that Dr. Bishop's expert opinion testimony was "sufficient to raise a dispute as to the toxicity of [Plaintiffs'] exposure and the working environment in which Plaintiffs labor."[5]

In my December 18, 2018 Order, I affirmed that Dr. Bishop's expert opinion—"that hazardous materials accumulate on the exterior of Precision employees' PPE during the course of their work such that it would be unsafe to remove the PPE from the worksite"—was "crucial to Plaintiffs' overtime claim,

---

[3] ECF No. 276 at 23.
[4] ECF No. 276 at 25 (quotations and citations omitted).
[5] ECF No. 276 at 29-30.

since it demonstrates the need for Precision employees to remove their PPE at the worksite and, consequently, supports Plaintiffs' argument that the time spent donning and doffing that PPE is compensable."[6] I excluded Dr. Bishop's expert opinion from evidence. I asked the parties to brief the above question.[7]

## II. DISCUSSION

### A. Legal Standards

"Expert evidence is generally required when an issue is beyond the ken of a lay jury." *McMunn v. Babcock & Wilcox Power Generation Grp., Inc.*, 869 F.3d 246, 267 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 1012 (2018). Here, the "workplace dangers that accompany the employee's principal activities and transcend ordinary risks" are, at bottom, the dangers created by Plaintiffs' exposure to different hazardous chemicals and substances—whether the substances themselves, or their reactions to the drilling environment.[8] The United States Court of Appeals for the Third Circuit, when encountering claims where plaintiffs need to show like facts about toxicity and hazardous exposure, has held on three occasions that plaintiffs need to provide expert evidence in establishing these facts.

---

[6] ECF No. 329 at 3-4.

[7] ECF No. 329 at 6-7.

[8] *See, e.g.*, ECF No. 334 at 2-3 ("cementing is corrosive and can cause severe damage"); *id.* at 3 (danger of "potential fire and chemical burns"; "the risk of sudden and violent release of vapors"; "All of the drilling fluid / mud on site contains chemical[s] which present health risks."); *id.* at 8 ("PPE protects workers by effectively reducing the risk of skin and eye exposure to drilling fluids.").

3

*See N'Jai v. United States Envtl. Prot. Agency*, 705 F. App'x 126, 129 (3d Cir. 2017) (in Residential Lead-Based Paint Hazard Reduction Act action, plaintiff "did not present [expert] evidence demonstrating that she had been exposed to the lead or that the levels of lead in the apartment were hazardous"); *McMunn*, 869 F.3d 246 at 251, 267 (in action where plaintiffs claimed they developed cancer after being exposed to excessive radiation emissions from uranium, court required expert testimony on how concentrated the uranium was); *Redland Soccer Club, Inc. v. Dep't of Army of U.S.*, 55 F.3d 827, 845 (3d Cir. 1995) (medical monitoring claim, which required proof of significant exposure "to a proven hazardous substance" and the plaintiff "suffer[ing] a significantly increased risk of contracting a serious latent disease," required expert testimony). Other Courts of Appeals have come to similar conclusions in dealing with like "exposure cases."[9] And other District Courts have found expert testimony important in considering exposure issues in a FLSA context.[10]

---

[9] *See Zellers v. NexTech Ne., LLC*, 533 F. App'x 192, 196 (4th Cir. 2013) (to show causation in toxic tort claim, plaintiff needed to "demonstrate the levels of exposure that are hazardous to human beings generally as well as plaintiff's actual level of exposure" through expert testimony); *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999) (in toxic tort claim, "a plaintiff must prove level of the exposure using techniques subject to objective, independent validation in the scientific community").

[10] *See Adams v. Alcoa, Inc.*, 822 F. Supp. 2d 156, 165 (N.D.N.Y. 2011) (plaintiffs' failure to "retain experts to perform independent tests" was one factor in finding that plaintiffs had not proven a "lethal" work environment); *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 747 F. Supp. 2d 1043, 1050-53 (E.D. Wis. 2010) (court considering expert testimony in answering the question of how much silica was in a work environment).

Plaintiffs present the following evidence in support of their claim that the "PPE is necessary to protect workers against dangers of drilling."[11]

- Precision Drilling Company LP's Health, Safety & Environmental Field Reference Manual.[12]

- Deposition testimony and declarations from Precision management and from Plaintiffs and Plaintiffs' co-workers.[13]

- Defendants' Responses to Plaintiffs' Requests for Admissions.[14]

- "Tour sheets," "which provide a snap-shot of the rig's daily activity" and "evidence which chemicals were added to drilling fluid."[15]

- Defendants' Response to Plaintiffs' Statement of Undisputed Material Facts.[16]

- An OSHA regulation.[17]

B.  **Analysis and Conclusions**

Here, the questions of toxicity and hazardous exposure in Plaintiffs' work environment constitutes an "issue [that] is beyond the ken of a lay jury." Because of the scientific issues that it presents—*e.g.*, the composition of chemical muds; the damage that corrosive cementing can cause; the risks of Plaintiffs' exposure to

---

[11] ECF No. 334 at 2.

[12] *See, e.g.*, ECF No. 334 at 2.

[13] *See, e.g.*, ECF No. 334 at 2-4, 7-8.

[14] *See, e.g.*, ECF No. 334 at 3.

[15] *See, e.g.*, ECF No. 334 at 4-6.

[16] ECF No. 334 at 10.

[17] ECF No. 334 at 10.

these various harms—this case is akin to the cases I listed above, where plaintiffs needed to present the case's factfinder with expert, not lay, testimony. Plaintiffs here have only presented lay testimony. As such, they have not presented enough evidence to defeat Defendants' motion for summary judgment on Plaintiffs' compensation claim for time spent donning and doffing their PPE.[18]

As I explained in my April 11, 2018 Memorandum Opinion,[19] and as the parties seem to concede in their briefs,[20] my finding on the compensability of donning and doffing controls whether the associated walking time is compensable. As I have found that donning and doffing here are not compensable, it follows that the donning and doffing do not constitute principal activities of the Plaintiffs' workday. Thus, following the reasoning of my April 11, 2018 Memorandum Opinion, Defendants' motion for summary judgment on Plaintiffs' compensation claim for time spent walking between the donning and doffing and pre and post-shift meeting locations is also successful.[21]

---

[18] I reviewed the parties' arguments on whether the Department of Labor's "change-at-home" rule should render the donning and doffing not compensable. I don't need to decide this issue, because the nature of Plaintiffs' evidence provides an independent reason for granting summary judgment.

[19] ECF No. 276 at 32-33.

[20] ECF No. 334 at 18; ECF No. 340 at 15.

[21] ECF No. 276 at 32-33.

Therefore, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Partial Summary Judgment, April 10, 2017, ECF No. 239, is GRANTED with respect to Plaintiffs' compensation claim for time spent donning and doffing their PPE.

2. Defendants' Motion for Partial Summary Judgment, April 10, 2017, ECF No. 239, is GRANTED with respect to Plaintiffs' compensation claim for time spent walking between the donning and doffing and pre and post-shift meeting locations.

3. The parties have already reached a settlement on Plaintiffs' other compensation claim. *See* ECF No. 361. Thus, as no compensation claims remain, Final Judgment is now entered in favor of Defendant and against Plaintiff.

4. The Clerk of Court is directed to CLOSE the case file.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge