**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RODNEY TYGER, *et al.*,

Plaintiffs,

v.

PRECISION DRILLING CORP., *et al.*,

Defendants.

No. 4:11-CV-01913

(Judge Brann)

**MEMORANDUM OPINION**

**MAY 29, 2020**

## I. BACKGROUND

The Court entered judgment in this case on December 17, 2019.[1] Plaintiffs appealed the Court's order that led to judgment.[2] On January 15, 2020, Defendants submitted their bill of costs.[3] The parties submitted letters,[4] and then briefs,[5] on the issue of whether the Court should grant Defendants' bill of costs. The Court held oral argument on May 26, 2020.[6] Having considered the parties' written and oral arguments, the Court now denies Defendants' bill of costs.

---

1 Doc. 365.
2 Doc. 366.
3 Doc. 368.
4 Docs. 369 and 370.
5 Docs. 372, 373, 375 and 376.
6 *See* Doc. 377.

## II. DISCUSSION

### A. Legal Standard

This dispute turns on whether Defendants are a "prevailing party" under Federal Rule of Civil Procedure 54(d), which governs the allowance of costs. "In this Circuit, the standard used for determining prevailing party status is whether plaintiff achieved some of the benefit sought by the party bringing the suit."[7] Courts in this Circuit should "look to the substance of the litigation's outcome" and "refuse to give conclusive weight to the form of the judgment."[8] "Moreover, significant to the prevailing party inquiry is whether the resolution of the dispute materially altered the legal relationship between the parties." "This may occur through, for example, an enforceable judgment on the merits, or a settlement agreement enforceable through a court-ordered consent decree."[9]

"Where a defendant successfully defends against a plaintiff's substantial claims and judgment is entered accordingly, the defendant is generally considered the prevailing party for purposes of Rule 54(d)(1)."[10] In keeping with this, if a plaintiff only achieves "limited pre-trial success" that is "insignificant in the context of the relief sought by the entire Complaint," with judgment entered for a

---

[7] *Tyler v. O'Neill*, 112 F. App'x 158, 161 (3d Cir. 2004) (cleaned up).
[8] *Id.*
[9] *Id.*
[10] *Id.*

defendant "on all [plaintiff's] major claims," then the defendant is considered the prevailing party.[11]

### B. Procedural History

Here, Plaintiffs' Amended Complaint asserted one "major claim[]"—a failure to pay overtime compensation as provided by the Fair Labor Standards Act.[12] Plaintiffs asserted that they were due compensation for three periods of overtime: (1) hours "they spent donning and doffing PPE"; (2) hours "attending safety meetings"; and (3) hours walking between particular locations on the worksite.[13] The parties settled on compensation for the second of the three periods – the one concerning safety meetings – on October 16, 2019. The agreement provided that Plaintiffs would receive $410,000.[14] On October 17, 2019, this Court approved the parties' settlement via an order.[15] On December 17, 2019, I granted Defendants' motions for partial summary judgment on the other two periods concerning donning and doffing and walking between particular locations.[16]

---

11 *Id.* In later summary judgment briefing and a settlement agreement, the parties expressed that each of these periods of overtime made up a separate Fair Labor Standards Act overtime claim. *See* Docs. 239, 361. Defendants' counsel took the position in oral argument that Plaintiffs had advanced three separate claims; Plaintiffs' counsel argued for a finding of one claim. The Court believes that this case only had one claim. But the Court notes that this distinction is not material to the Court's analysis.

12 *See* Doc. 8 at ¶¶ 45-52.

13 *See* Doc. 8 at ¶ 50.

14 *See* Doc. 361.

15 *See* Doc. 362.

16 *See* Doc. 365.

Plaintiffs have appealed my December decision to the United States Court of Appeals for the Third Circuit.[17]

**C. Analysis**

I find that Defendants are not the prevailing party here. Plaintiffs have achieved a settlement of hundreds of thousands of dollars. Even taking into account the high number of plaintiffs in this class action, this still amounts to hundreds of dollars per individual Plaintiff. I cannot find that Plaintiffs have achieved only "limited pre-trial success" that is overall "insignificant," and I likewise cannot find that Defendants have had judgment entered on all their "major claims." I have ordered enforcement of the parties' settlement. My order "materially altered the legal relationship between the parties" by enforcing the parties' agreement and requiring payment.[18]

Defendants claim this case is akin to the Third Circuit's decision in *Tyler v. O'Neill*.[19] I respectfully disagree. In *Tyler*, the plaintiff's "major claims" were for alleged breach of fiduciary duty, fraud, and RICO violations. He proceeded to trial seeking "in excess of one million dollars."[20] Before trial, the plaintiff had settled a claim for wages owed, under Pennsylvania's Wage Payment and Collection Law,

---

17 *See* Case No. 20-1070.

18 *See Tyler v. O'Neill*, 112 F. App'x 158, 161 (3d Cir. 2004) (explaining that "a settlement enforceable through a court-ordered consent decree" was one example of "a resolution of the dispute [that] materially altered the legal relationship between the parties").

19 112 F. App'x 158 (3d Cir. 2004).

20 *Id.* at 159.

for $5,000.[21] In *Tyler*, the plaintiff's return was much smaller, and the plaintiff's settlement resolved one peripheral claim. As I explained above, this case is distinguishable, as it involves an aspect of Plaintiffs' central claim settling for hundreds of thousands of dollars.

This case is more akin to *AMA Realty LLC v. 9440 Fairview Ave. LLC*.[22] In that case, the plaintiff, who had pleaded nine claims originally, received "prevailing party" status after receiving a verdict of over $1.2 million on its breach of contract claim. It is also more akin to *Morris v. Consol. Rail Corp.*,[23] where a plaintiff received "prevailing party" status after succeeding on only one of its five claims and getting a verdict of only $500.

## III. CONCLUSION

The Court denies Defendants' bill of costs. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

21 *Id.* at 160.
22 No. CV 13-457 (JMV) (MF), 2019 WL 7288939 (D.N.J. Dec. 30, 2019).
23 No. CV1303244RBKKMW, 2019 WL 1894823 (D.N.J. Apr. 29, 2019).