## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY TYGER, *et al*, | No. 4:11-CV-01913 |
| Plaintiffs. | (Chief Judge Brann) |
| v. | |
| PRECISION DRILLING CORP., *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### DECEMBER 17, 2025

Earlier this year, the Court lifted its stay in this matter following the United States Court of Appeals for the Third Circuit's second remand of a decision granting Defendants' motion for summary judgment and the denial of Defendants' petition for a writ of certiorari from the Third Circuit's decision.[1] Now pending before the Court is Plaintiffs' motion to amend the complaint to add one additional count under Pennsylvania law. After reviewing the briefs and holding an oral argument, I will grant the motion.

## I.    BACKGROUND

Only a brief recitation of the facts and procedural history is necessary for resolution of this motion. This case was initiated more than 14 years ago, on October

---

[1]    *See* Doc. 421 (Status Report).

17, 2011.[2] Throughout the litigation, Plaintiffs have pursued recovery against Defendants on a single count for violating the Fair Labor Standards Act ("FLSA") by failing to pay overtime compensation.[3] The sole factual theory is that Precision and its subsidiaries did not compensate their employees for time spent "donning and doffing" personal protective equipment ("PPE") at work sites, or for time spent walking between certain job site locations. Plaintiffs' suit is being litigated as an FLSA Collective Action.

The Court granted Defendants' first motion for summary judgment as to liability in December 2019.[4] The Third Circuit reversed and remanded,[5] and the parties filed renewed cross-motions for summary judgment on liability on March 1, 2021.[6] Briefing on those motions completed on May 1, 2021.[7] The Court granted Defendants' renewed motion for summary judgment on March 25, 2022.[8] The Third Circuit again reversed and remanded on August 16, 2023.[9] The Court did not immediately act after receiving the Third Circuit's mandate to permit Defendants time to petition the Supreme Court of United States for a writ of certiorari.[10] After the Supreme Court denied the petition, Plaintiffs advised the Court that they would

---

[2]   Doc. 1 (Compl.).
[3]   Doc. 8 (Am. Compl.) ¶¶ 45-52.
[4]   Doc. 365 (Mem. Op. & Order).
[5]   Doc. 382 (USCA Judgment).
[6]   Docs. 391, 392 (Mots.).
[7]   Docs. 406, 407 (Reply Briefs).
[8]   Doc. 409 (Mem. Op.).
[9]   Doc. 414 (Second USCA Judgment).
[10]  Docs. 418 (Letter), 419 (Sch. Order).

file the instant motion to add a single count asserting claims for recovery for the same work done in Pennsylvania under Pennsylvania law, and did so shortly thereafter.[11]

## II.    LAW

First, there is some dispute over whether the Plaintiffs must satisfy Rule 16(b)(4)'s "good cause" standard for altering a scheduling order before the liberal amendment standard of Rule 15(a) controls.[12] None of the scheduling orders in this case set a deadline for amending the complaint. Courts in this circuit are divided regarding the application of the Rule 16(b)(4) standard where the scheduling order did not set a deadline for amendments.[13] My practice has been not to apply Rule 16 where the scheduling order does not set a deadline.[14] Even if Rule 16 should apply,

---

[11]   Docs. 421 (Status Report), 422 (Mot. to Amend).

[12]   *See Premier Comp. Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) (holding that "[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard.").

[13]   *Compare Smith v. Honeywell Int'l, Inc.*, No. 10-CV-3345, 2014 WL 301031, at *5 (D.N.J. Jan. 27, 2014) ("Where a scheduling order sets no amendment deadline, courts have looked to when discovery closes to determine whether the motion to amend is untimely under Rule 16. . . . Rule 16(b) applies to a motion to amend even when there is no scheduling order deadline, if 'any possibility to amend the pleadings would expire when discovery closed.'" (internal citations omitted)) *with Wagner v. Pat Salmon & Sons, Inc.*, No. 19-CV-1010, 2021 WL 229639, at *1 (M.D. Pa. Jan. 22, 2021) (Brann, J.) ("The case management order did 'not include a deadline for filing amendments' and therefore, Rule 16 is inapplicable to this motion to amend. Accordingly, the Court will apply Rule 15 to the instant motion." (internal citation omitted)).

[14]   *Wagner*, 2021 WL 229639, at *1. Defendants cite my prior decisions applying Rule 16, but in both cases the scheduling order set a deadline for amendments. *Miller v. O'Brien Constr., Inc.*, No. 19-CV-1611, 2021 WL 510072, at *1 (M.D. Pa. Feb. 11, 2021) (noting that "the Court set the deadline for filing amended pleadings on August 30, 2020"); *Bolus v. Carnicella*, No. 15-

however, Plaintiffs have met the "good cause" standard for the reasons explained in the Rule 15 "undue delay" analysis below, so there is no need to conduct an independent analysis under Rule 16.

At the present stage of the litigation, Plaintiffs may amend their complaint "only with the opposing party's written consent or the court's leave."[15] Rule 15 directs the court to "freely give leave [to amend] when justice so requires."[16] This command embodies a "liberal standard for motions to amend."[17] Accordingly, the presumption is in favor of permitting amendment, and the non-moving party generally bears the burden of demonstrating why leave should be denied.[18] Moreover, the grounds for denying amendment are limited. The nonmovant must show "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of

---

CV-1062, 2020 WL 6203056, at *3 (M.D. Pa. Oct. 22, 2020) ("Neither party contests that amended pleadings were due by October 29, 2018.").

[15] Fed. R. Civ. P. 15(a)(2).

[16] *Id.*

[17] *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019)

[18] *Kern v. Phoenixville Hosp., LLC*, 342 F.R.D. 324, 327 (E.D. Pa. 2022); *Heraeus Med. GmbH v. Esschem, Inc.*, 321 F.R.D. 215, 217 (E.D. Pa. 2017); *see Brooks v. State Coll. Area Sch. Dist.*, No. 22-CV-1335, 2023 WL 8359953, at *2 (M.D. Pa. Dec. 1, 2023) (Brann, J.).

amendment" in order to justify denial.[19] Whether to grant or deny a motion to amend lies within the district court's discretion.[20]

## III.    ANALYSIS

Defendants assert three justifications for denying leave to amend here. First, they contend that Plaintiffs unduly delayed in requesting leave to amend. Second, although not clearly delineated in the briefing, they offer a somewhat convoluted argument that amendment would be futile. Finally, they complain that permitting the amendment will prejudice them by requiring additional discovery and postponing resolution of this already protracted case.

### A.    Undue Delay

"The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay. In fact, delay alone is an insufficient ground to deny leave to amend."[21] To deny amendment, the movant's delay must be "undue," meaning that it "is 'protracted and unjustified'—it 'can place a burden on the court or counterparty' or show 'a lack of diligence sufficient to justify a discretionary denial of leave.' A district court may exercise its discretion to deny

---

[19]    *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Spartan Concrete*, 929 F.3d at 1222 (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

[20]    *Rhodes v. Diamond*, 433 F. App'x 78, 80 (3d Cir. 2011) (citing *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) and *Foman*, 371 U.S. at 182).

[21]    *Cureton v. Nat'l Coll. Ath. Ass'n*, 252 F.3d 267, 274 (3d Cir. 2001) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) and *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).

leave to amend when the movant delays completion of discovery."[22] But even a long period of time between the initial complaint and amendment may not be an "undue delay" if the movant was not previously aware of the new information to be pled.[23] Thus, "the question of undue delay requires that we focus on the movant's reasons for not amending sooner."[24] Delays of several years down to several months, when unexplained, have been found to be undue, particularly when litigation has proceeded through the delay.[25]

Plaintiffs' delay in seeking to amend was not undue. The sole basis for Plaintiffs' amendment is to include a new count asserting a cause of action under Pennsylvania's Minimum Wage Act ("PMWA") and Wage Payment Collection Law.[26] The amendment is based on the Pennsylvania Supreme Court's decision in *Heimbach v. Amazon.com, Inc.*, holding that the PMWA does not include "*de minimis*" or "portal-to-portal" exceptions to its compensation requirements.[27] Plaintiffs argue, and Defendants do not dispute, that *Heimbach* "represents a watershed moment in Pennsylvania wage and hour law that directly impacts [their]

---

[22] *Spartan Concrete*, 929 F.3d at 115-16 (quoting *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017) and citing *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000)).

[23] *Mullin*, 875 F.3d at 151 ("The 'undue delay' factor recognizes that a gap between *when amendment becomes possible* and when it is actually sought can, in certain circumstances, be grounds to deny leave to amend." (emphasis added)).

[24] *Cureton*, 252 F.3d at 273 (citing *Adams*, 739 at 868).

[25] *See CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629-31 (3d Cir. 2013) (collecting appellate cases on delay).

[26] Doc. 422-2 (Proposed Second Am. Compl.) ¶¶ 1, 53-59.

[27] 255 A.3d 191 (Pa. 2021).

claims in this case."[28] *Heimbach* was decided on July 21, 2021.[29] Thus, there was no undue delay until at least July 21, 2021, because amendment was not reasonably possible before that point.[30]

When *Heimbach* was decided, the parties' renewed motions for summary judgment had already been fully briefed and were under advisement by the Court.[31] Although Plaintiffs undoubtedly could have moved to amend their complaint during the pendency of the motion, or at least submitted a letter advising the Court of supplemental authority and noting that, if the case survived summary judgment, they would seek to amend on the basis of *Heimbach*,[32] such action was not required and may have had significant adverse consequences. "When a plaintiff files a motion to amend after the filing of a defendant's motion for summary judgment, the timing 'raises an inference that the plaintiff is attempting to bolster his legal position—and therefore avoid summary judgment—by amending the complaint. This is an unacceptable reason to amend.'"[33] Rather than creating the appearance of

---

[28]    Doc. 424 (Brief in Supp.) at 3.

[29]    255 A.3d 191.

[30]    Notably, as Plaintiffs point out, discovery closed in 2016, five years before the earliest possible time for amendment.

[31]    Docs. 406, 407 (Reply Briefs).

[32]    *See* LR 7.36 ("If pertinent and significant cases are decided or authorities are enacted, relating to an issue raised in a motion pending before the court, after the party's final brief has been filed—or after oral argument but before decision—the party may file a notice of supplemental authority setting forth the supplemental citations."); *cf.* Fed. R. App. P. 28(j).

[33]    *Bonilla v. City of York, Pa.*, No. 14-CV-2238, 2016 WL 3165619, at *4 (M.D. Pa. June 7, 2016) (citing *Fatir v. Dowdy*, No. 95-CV-0677, 2002 WL 2018824, at *8 (D. Del. Sept. 4, 2002)).

gamesmanship, Plaintiffs reasonably waited until it was clear that their original claim would survive summary judgment on its own merits before seeking to add an additional claim. They should not be penalized for waiting until the summary judgment issue was resolved.

Furthermore, although Defendants fault Plaintiffs for not seeking to amend during the appellate proceedings, it is well established that "a timely notice of appeal divests a district court of its jurisdiction over a case because the notice immediately confers jurisdiction upon the Court of Appeals."[34] And here, where the appealed decision resulted in final judgment, continuing to litigate the merits before the district court would have been entirely inappropriate. Accordingly, courts have determined that delay in seeking amendment during appellate proceedings is not "undue."[35]

Finally, Defendants complain that appellate proceedings concluded when the Supreme Court denied their petition for certiorari on June 3, 2024, nearly ten months before the motion to amend was filed.[36] But that delay is not solely attributable to Plaintiffs. Following the Third Circuit's decision, I held a status conference at which the parties agreed to stay district court proceedings pending the petition for

---

[34] *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985).

[35] *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (delay of four years not undue "considering the course of this case through a prior appeal to this Court.").

[36] Doc. 427 (Opp'n) at 9.

certiorari.[37] At that conference, I expressed my intent to hold another status conference after the Supreme Court acted on Defendants' petition.[38] Yet *neither party* communicated the Supreme Court's decision until March 14, 2025, when they submitted a joint status report indicating that they had been involved in settlement discussions since the Supreme Court's decision and informing me that the motion to amend would be forthcoming.[39] The motion was duly filed two weeks later.[40]

Although Plaintiffs did not move as quickly as they possibly could have, there are no gaps of time during which they have failed to explain why they did not seek to amend. Thus, there is no basis for denying the motion to amend on the ground of undue delay. Additionally, Plaintiffs' explanations satisfy the diligence necessary to establish good cause for amending a scheduling order under Rule 16.

### B.    Futility

Although asserted piecemeal, Defendants' clearly object to amendment because of perceived deficiencies with the putative PWMA class action or Plaintiffs' other theories for litigating the claim with many individual plaintiffs. In essence, they contend that amendment would be futile because Plaintiffs have not provided adequate pleadings to support litigating the PMWA claim *en masse*.

---

[37]   Doc. 420 (Status Conf. Minutes Sheet) (Non-Public Internal Court Document).
[38]   *Id.*
[39]   Doc. 421 (Joint Status Report).
[40]   Doc. 422 (Mot.) (Filed March 31, 2025).

In their primary opposition Defendants explain at length the difference between FLSA opt-in classes and Rule 23 opt-out classes,[41] but only briefly address—with no citation—their actual argument, that the amended complaint is deficient and therefore futile because it does not include "any reference to Rule 23 class certification."[42] Plaintiffs correctly counter with two points. First, they note that challenges to class certification at the dismissal (and therefore amendment) stage are usually premature.[43] Second, they contend that, regardless of class certification, the named plaintiffs have stated a PMWA claim for themselves, and the amendment should be permitted to allow those claims.[44] Defendants do not directly contest the first point, and offer essentially no rejoinder to the second other than by arguing in the supplemental briefing that the FLSA opt-in plaintiffs should not be able to proceed on this theory.[45] All of Defendants' futility-based arguments about the sufficiency of proceeding with a broad group of plaintiffs—through any mechanism—are early.

Challenges to the sufficiency of a class action are generally not considered at the pleading stage.[46] "A court should grant a motion to strike class allegations only

---

[41] Doc. 427 at 12.
[42] *Id.* at 11-12.
[43] Doc. 428 (Reply) at 12.
[44] *Id.* at 12-13.
[45] Doc. 433 (Defs.' Suppl. Br.) at 6-8.
[46] *See Carey v. J.A.K.'s Puppies, Inc.*, 763 F. Supp. 3d 952, 975-76 (C.D. Cal. 2025) (discussing motions to strike class pleadings); *Berner v. PharMerica Logistics Servs.*, 703 F. Supp. 3d 802, 811-12 (W.D. Ky. 2023) (same); *Peruto v. TimberTech Ltd.*, 126 F. Supp. 3d 447, 459 (D.N.J.

if the inappropriateness of class treatment is evident from the face of the complaint and from incontrovertible facts."[47] Accordingly, pre-discovery attacks on class sufficiency "are often denied as premature."[48] Here, the Court is not convinced that Plaintiffs have failed to allege sufficient facts to support a certifiable class after discovery.[49] Admittedly, the proposed second amended complaint is not a paragon of Rule 23 pleading, as it does not clearly identify which facts support which Rule 23(a) elements, set forth a class definition, nor specifically explain which Rule 23(b) type of class action the Plaintiffs wish to pursue.[50] But neither do the facts alleged clearly demonstrate the impossibility of certification.[51] Moreover, notwithstanding Defendants' concerns, it is clear from the parties' representations at oral argument that they are both aware of the general number of potential class plaintiffs, the

---

2015) ("Generally courts do not consider whether a proposed class meets the Fed. R. Civ. P. 23 class requirements until after plaintiffs move for class certification.").

[47] *Peruto*, 126 F. Supp. 3d at 453 (internal alterations and citation omitted); *see Goetz v. Ainsworth Pet Nutrition, LLC*, 768 F. Supp. 3d 645, 651 (S.D.N.Y. 2025) ("To prevail on . . . a motion [to strike class allegations] before taking discovery, 'a defendant must demonstrate from the face of the complaint that it would be impossible to certify the alleged class regardless of the facts the plaintiffs may be able to obtain during discovery.'" (quoting *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 511 (S.D.N.Y. 2015))); *see Jackson v. Locust Med., LLC*, No. 22-CV-0424, 2022 WL 16540675, at *1 (M.D. Pa. Oct. 28, 2022) (Brann, J.).

[48] *Goetz*, 768 F. Supp. 3d at 651 (quoting *Reynolds*, 136 F. Supp. 3d at 511); *see* Timothy A. Daniels, *Challenging Class Certification at the Pleading Stage: What Rule Should Govern and What Standard Should Apply?*, 56 S. Tex. L. Rev. 241, 248 (2014) ("For the most part, district courts in the Third Circuit reject challenges to class certification prior to discovery, regardless of the procedure used. Recent cases almost uniformly hold that a motion to dismiss or strike class allegations pursuant to Rule 12(b)(6), Rule 12(f), or Rule 23 is premature since it would preempt any class certification motion.").

[49] *See Richardson v. Verde Energy USA, Inc.*, 354 F. Supp. 3d 639, 654 (E.D. Pa. 2018).

[50] *See* Doc. 422-2. I recognize and find significant that the existing FLSA collective action allegations essentially plead these points for an extremely similar—yet not identical—representative claim.

[51] *Goetz*, 768 F. Supp. 3d at 651.

common questions of law and fact being asserted, the typicality of the claims being brought, and the quality of the class representatives.[52] And although the procedural mechanisms are not identical, the fact that an FLSA collective action claim based on an essentially identical nexus of facts has proceeded through discovery indicates that Defendants are well aware of the potential plaintiffs and issues.[53]

Nevertheless, I am sympathetic to Defendants' complaint that the allegations for the proposed class claim are too vague to set forth the issues in a way that delimits class discovery and establishes the playing field for a future motion for class certification. It also would appear difficult for Defendants to formulate relevant class-based defenses, if any, in their answer. Accordingly, I will exercise my discretion to order a more definite statement of the class claim.[54] Plaintiffs should revise their proposed second amended complaint to explain which allegations are relevant to which Rule 23(a) factors, to identify one or more Rule 23(b) theories that might be applicable,[55] and to set forth a proposed class definition.[56]

---

[52] *See* Fed. R. Civ. P. 23(a); Doc. 430.

[53] *Cf.* Doc. 433 at 7 (defendant's brief noting that "there are 62 Pennsylvania Plaintiffs" identified through the FLSA opt-in process).

[54] *See Alston v. Parker*, 363 F.3d 229, 234 n.7 (3d Cir. 2004); *Cayenne v. Tobyhanna Twp.*, 2024 WL 3680925, at *11 (M.D. Pa. Aug. 6, 2024) (citing Fed. R. Civ. P. 12(e)).

[55] It is readily apparent that Plaintiffs plan to proceed under Rule 23(b)(3), as Defendants appear to acknowledge by their reference to the "opt-out" procedure. *See* Doc. 433 at 8; *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) ("The Rule provides no opportunity for (b)(1) or (b)(2) class members to opt out.").

[56] *See* 28 U.S.C. § 1711(4).

Plaintiffs are also correct that, regardless of the class issue, the named Plaintiffs may pursue the PMWA claim in an individual capacity.[57] Defendants do not challenge this point, but instead argue that it would be improper for the court to permit all of the FLSA opt-ins to pursue individual PWMA claims in a single action. Defendants' primary argument, based on a conflict between this theoretical process and Rule 23, contains no citation and is insufficiently developed to prevent amendment here.[58] Their secondary argument is based on a joinder issue, and therefore "is not a ground for dismissing an action" (or preventing amendment).[59] Defendants can assert this argument at an appropriate time in a motion to remove parties.[60]

In a related point, Defendants also suggest that I should decline supplemental jurisdiction over the PWMA claim based on the Third Circuit's decision in *De Ascencio v. Tyson Foods, Inc.*[61] *De Ascencio* is readily distinguishable, and its reasoning does not apply here.[62] In *De Ascencio*, the Third Circuit held that the District Court abused its discretion in exercising supplemental jurisdiction over a Pennsylvania Wage Payment and Collection Law ("WPCL") class action in a case

---

[57] *See Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 611 (3d Cir. 2018) ("[A] named plaintiff's individual claim will remain viable upon denial of class certification because the putative class action is then simply transformed into an individual action.").

[58] Doc. 433 at 7.

[59] Fed. R. Civ. P. 21.

[60] *See id.*

[61] 342 F.3d 301 (3d Cir. 2003).

[62] *See Knepper v. Rite Aid Corp.*, 675 F.3d 249, 261-62 (3d Cir. 2012) (finding *De Ascencio* distinguishable on its facts and noting that other Courts of Appeals found similarly).

with federal jurisdiction based on an FLSA opt-in claim.[63] But that decision was based on the predominance of the state law claim and the presence of novel and complex questions of state law.[64] The WPCL class was expected to have approximately 4,100 plaintiffs, while the FLSA opt-in class had 447.[65] Furthermore, the WPCL claim was based on a theory that Tyson had breached an implied oral contract, the viability of which "ha[d] never been addressed by the Pennsylvania state courts" and which in any event "[would] require additional testimony and proof to substantiate beyond that required for the FLSA action."[66] Based on these two considerations, the Third Circuit concluded that the state law claim would predominate and that supplemental jurisdiction should have been declined.[67]

Defendants attempt to fit the facts of this case into *De Ascencio*, but that effort fails.[68] They contend that novel and complex issues of Pennsylvania law are present because the FLSA and the PWMA claims are not identical.[69] But slight variations in the elements of these claims does not mean that the issue is "novel and complex."

---

[63]  *De Ascencio*, 342 F.3d at 307-11.

[64]  *Id.* at 309-10 (citing 28 U.S.C. §§ 1367(c)(1)-(4)).

[65]  *Id.* at 305, 310 (noting that "the sheer difference in numbers between the two prospective classes . . . may constitution substantial predomination by the state WPCL action").

[66]  *Id.* at 309, 311 (noting that "Pennsylvania courts have not addressed two novel and complex questions of state law squarely presented here").

[67]  *Id.* at 312; *see Knepper*, 675 F.3d at 261 (summarizing the holding of *De Ascencio* as a "conclu[sion] that the presence of two novel state-law issues, along with the inordinate size of the state-law class, did not satisfy this standard and led us to conclude that supplemental jurisdiction was unavailable").

[68]  Defendants do not argue that the number of putative PMWA class plaintiffs would eclipse the number of FLSA opt-ins.

[69]  Doc. 433 at 5.

Defendants identify no issues of state law "never . . . addressed by the Pennsylvania state courts" that will require resolution here.[70] Moreover, while the proof required for these claims may be slightly different, it is hyperbole to suggest that the PMWA's nonincorporation of the Portal-to-Portal Act and lack of a de minimis defense "fundamentally alter the legal framework and will require extensive explanation of Pennsylvania law."[71] These differences, although potentially significant for the availability of a remedy, are relatively minor in terms of instructing the jury and presenting evidence. Defendants also argue that "Plaintiffs' claims involve individualized proof," but that issue is far more appropriately raised in an opposition to class certification.[72] The current facts do not support declining supplemental jurisdiction.

Accordingly, I conclude that the amendment is not futile.

## C. Prejudice

Generally, "prejudice to the nonmoving party is the touchstone for the denial of the amendment."[73] "The issue of prejudice requires that we focus on the hardship to the [nonmovant] if the amendment were permitted."[74] A nonmovant may be

---

[70] *De Ascencio*, 342 F.3d at 309.

[71] Doc. 433 at 5.

[72] *See* Fed. R. Civ. P. 23(a)(2)-(3), 23(b)(3); *cf. Lehman v. Legg Mason, Inc.*, 532 F. Supp. 2d 726, 732 (M.D. Pa. 2007) (declining to decide issue of supplemental jurisdiction over state law class action on a motion to dismiss and leaving the issue until after class discovery).

[73] *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013) (quoting *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990)).

[74] *Cureton*, 252 F.3d at 274 (citing *Adams*, 739 F.2d at 863).

prejudiced "when adding a new claim would 'fundamentally alter[] the proceeding and could have been asserted earlier.'"[75] Prejudice may also arise from an amendment that requires the defendant to "engage in burdensome new discovery and significant new trial preparation."[76] Thus, if a "proposed amendment requires the reopening of discovery, the prejudice to the non-moving party will be considered greater than if the proposed amendment presents only a new issue of law."[77] But the Third Circuit has advised that "the need for additional discovery does not conclusively establish prejudice."[78] And, although the insertion of new theories may be a ground for denial,[79] where the new legal theory is based "on the same facts," denial of amendment "would be unusual."[80] Accordingly, if the amendment would require new discovery, the amount and cost of thereof must be weighed by the court. As a final relevant consideration, an amendment that would delay already protracted proceedings may prejudice the nonmovant.[81]

---

[75] *Spartan Concrete*, 929 F.3d at 116 (quoting *Cureton v. Nat'l Coll. Ath. Ass'n*, 252 F.3d 267, 274 (3d Cir. 2001)).

[76] *Cureton*, 252 F.3d at 274; *see Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."); *Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000) (denial may be appropriate "where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery"). Notably, all of these cases found that there was also undue delay in filing the motion.

[77] *Voilas v. Gen. Motors Corp.*, 173 F.R.D. 389, 396 (D.N.J. 1997).

[78] *Dole*, 921 F.2d at 488.

[79] *Cureton*, 252 F.3d at 273.

[80] *Adams*, 739 F.2d at 868.

[81] *Langford v. U.S. Dep't of Treasury*, 749 F. Supp. 2d 268, 274-75 (E.D. Pa. 2010) (noting that "'undue delay,' . . . in the Third Circuit, carries two meanings. The Court may deny leave to amend both when granting leave would unduly postpone the pending litigation *and* when

Defendants argue that granting the motion would prejudice them for two reasons. First, they explain that the amendment would require discovery and motions practice on Rule 23 class certification for Plaintiffs seeking to assert claims under Pennsylvania law. Second, they assert that their merits discovery did not account for the PMWA claim and that they are therefore underprepared to defend against it.

As to the first issue, Defendants are generally correct that permitting Plaintiffs' amendment would require at least some additional discovery and potentially lengthy class certification motions. But Plaintiffs reasonably respond that damages discovery remains on the FLSA claim, and pledge that they will not seek to admit any new liability evidence beyond what has already been developed in discovery.[82] Both parties agreed at oral argument that class discovery could be conducted in tandem with the still-outstanding damages discovery. Moreover, the Plaintiffs, who will bear the burden of establishing that a class should be certified,[83] also indicated at oral argument that they will be prepared to submit a motion for certification after only a few months of discovery. Defendants' contentions that the timeline must be much longer are unconvincing given that they are likely already in possession of the relevant evidence and bear no burden of proof at the class stage.

---

circumstances fail to excuse the moving party's lateness in requesting leave to amend." (citing *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000))); *see Gaston v. Exelon Corp.*, 247 F.R.D. 75, 85-86 (E.D. Pa. 2007).

[82] Doc. 428 at 5.

[83] *Clarke v. Lane*, 267 F.R.D. 180, 195 (E.D. Pa. 2010) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974)).

On the second point, Defendants' argument that they would have conducted liability discovery differently is too theoretical to be persuasive. They merely assert that they should have the right to conduct discovery into the new issue, but do not clearly articulate what liability discovery would be necessary that would differ from that which they have already taken. Plaintiffs have stated that they do not require additional liability discovery for the PMWA claim, and they will of course bear the burden of proof on that issue. Moreover, essentially all liability evidence is already in Defendants' possession. In any event, I will permit Defendants to argue that additional liability discovery is necessary for the PMWA claim after the class certification motion is decided, but at this stage I do not foresee that any such discovery would be so burdensome as to justify barring this claim in its incipiency.

Finally, it is worth noting that denying leave to amend may risk "depriv[ing] [Plaintiffs] of [their] day in court on these new allegations."[84] If amendment is permitted, the claims will relate back to the original complaint, and will therefore be timely.[85] But if amendment is denied, the passage of four years since *Heimbach* has

---

[84] *Caver v. City of Trenton*, 420 F.3d 243, 260 (3d Cir. 2006).

[85] Defendants additionally suggest that amendment may be futile because *Heimbach* should not be applied retroactively. That argument fails under Pennsylvania law, which clearly and unambiguously holds that "case law interpreting existing statutes applies retroactively to the enactment of the statute." *Maranc v. W.C.A.B. (Bienenfeld)*, 751 A.2d 1196, 1201 (Pa. Commw. Ct. 2000) (citing *Davis v. City of Phila.*, 650 A.2d 1127 (Pa. Commw. Ct. 1994)); *In re Estate of Ryerss*, 987 A.2d 1231, 1239-40 (Pa. Commw. Ct. 2009) (quoting *Waratuke v. Workmen's Comp. Appeal Bd. (Handee Marts)*, 687 A.2d 1219, 1221 (Pa. Commw. Ct. 1997)); *Eckert v. Querry*, 632 A.2d 9, 12 (Pa. Commw. Ct. 1993) (citing *Baker v. Aetna Cas. & Sur. Co.*, 454 A.2d 1092 (Pa. Super. Ct. 1982)). No briefing is necessary.

likely exhausted the statute of limitations for at least some, if not many, of these claims.

On balance, the additional work required for Defendants to prepare for the PMWA claim does not outweigh the presumption in favor of permitting amendment. The case is at a natural turning point, following the denial of summary judgment but without a trial date set and with damages discovery still pending. Class discovery and motions can likely proceed quickly given the discovery and litigation that has already been completed, and the parties agree that it can even be conducted in tandem with outstanding damages discovery. Any additional liability discovery should not be extensive given the amount of similar discovery that has already been produced.

Accordingly, the motion to amend is granted.

## IV.    CONCLUSION

In rejecting the Defendants' arguments, I do not mean to discount the real burden that they will likely face in preparing for and litigating the PMWA count. I agree that it is far from ideal to be conducting these preliminary-style proceedings just as trial on the FLSA claim draws near after fourteen years. But precluding Plaintiffs from asserting this claim, which I have concluded they asserted as quickly as they reasonably could, is too harsh a remedy. In cases with a procedural history like this one, issues will inevitably arise where a ruling either way will result in

unfairness. I can only minimize that consequence, and I conclude that it is fairer to burden the Defendants here.

For the above-stated reasons, the motion to amend is granted.

An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge
